UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dawn T., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:22-cv-00734-SRU <br><br><br> June 16, 2022 |

**ORDER RE: MOTION TO LEAVE TO PROCEED IN FORMA PAUPERIS**

The Plaintiff, Dawn T., has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil action. *In forma pauperis* status allows an individual to begin a civil case without paying the customary filing fee if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the Plaintiff must demonstrate that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and h[er] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (U.S. 1948). While a Plaintiff does not have to be completely destitute, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), she does have to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).

In determining if a Plaintiff's financial circumstances meet these standards, courts consider not only her personal resources, but also resources that an applicant "has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn.

1

1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision).  In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018); *see also Janette V. v. Kijakazi*, 3:22-CV-00496-SRU, 2022 WL 1396141, at *1-*2 (D. Conn. Apr. 7, 2022) (finding that the court was unable to make an *in forma pauperis* determination when the Plaintiff indicated that she was almost entirely supported by her son, yet did not provide any information about his resources).

In this case, the Plaintiff's motion to proceed *in forma pauperis* was accompanied by a financial affidavit stating that she has been unemployed since March 2021, and that she has no current income or assets besides $25 a week that she receives from her boyfriend.  The Plaintiff indicated that she has obligations of cat food and bus fare, which amount to $100 a month, while her boyfriend and his mother provide her basic necessities.

Since the Plaintiff is entirely supported by her boyfriend and his mother, and because she has not provided any information about their resources, this Court is unable to determine whether she is entitled to proceed without paying a filing fee.  The Court therefore orders that, by June 29th, 2022, the Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of the resources of any person from whom she draws financial support and his/her ability to pay the fee. She is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

/s/ Thomas O. Farrish
Hon. Thomas O. Farrish
United States Magistrate Judge